Sameer Rastogi, Esq. (SR-5249)
Christopher P. Milazzo, Esq. (CM-9974)
SICHENZIA ROSS FRIEDMAN FERENCE LLP
61 Broadway, 32nd Floor
New York, New York 10006
(212) 930-9700 (tel.)
(212) 930-9725 (fax)

Attorneys for Plaintiff
Charter Capital Resources, Inc.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x

CHARTER CAPITAL RESOURCES, INC.,        Case No.: 07 CV 3354 (SAS)

                Plaintiff,

   -against-                                **ORDER TO SHOW CAUSE**

TRIO INDUSTRIES GROUP, INC.

                Defendant.

-----------------------------------------------------------x

      Upon the Complaint in this action, the Affirmation of Christopher P. Milazzo, dated August 14, 2007, together with the Exhibits annexed thereto, the proposed Order for Entry of Default Judgment, and all other papers and proceedings had herein,

      IT IS ORDERED that Defendant Trio Industries Group, Inc. ("Defendant") appear and show cause before the Honorable Shira A. Scheindlin, at the Courthouse located at 500 Pearl Street, New York, New York, in Courtroom No. 15C on 30 day of August 2007 at 4:30 o'clock P.M., and then and there show cause why a default judgment should not be issued pursuant to Rule 55 of the Federal Rules of Civil Procedure.

      IT IS FURTHER ORDERED, that opposition papers, if any, to this application shall be personally served upon Sichenzia Ross Friedman Ference LLP, attorneys for Plaintiff, located at

61 Broadway, 32nd Floor, New York, New York 10018, on or before 12:00 noon seven (7) business days prior to return date of this application.

IT IS FURTHER ORDERED that service upon Defendant of this Order to Show Cause and all documents supporting the request for a default judgment in this action shall be made upon the Defendant via overnight mail at the last known addresses, Trio Industries Group, Inc., 6750 Hillcrest Plaza Drive, Suite 313, Dallas Texas 75230, the last known address of Defendant, and upon its registered agent for service of process, Legal Information Services, Inc., 2500 Weston Road, Suite 404, Weston, Florida 33331 on or before the 23 day of August 2007 shall be deemed sufficient service.

Dated: New York, New York
       August 15, 2007

                                    _____
                                    HON. SHIRA A. SCHEINDLIN
                                    UNITED STATES DISTRICT JUDGE

Sameer Rastogi, Esq. (SR-5249)
Christopher P. Milazzo, Esq. (CM-9974)
SICHENZIA ROSS FRIEDMAN FERENCE LLP
61 Broadway, 32nd Floor
New York, New York 10006
(212) 930-9700 (tel.)
(212) 930-9725 (fax)

Attorneys for Plaintiff
Charter Capital Resources, Inc.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x

| | |
|---|---|
| CHARTER CAPITAL RESOURCES, INC., | Case No.: 07 CV 3354 (SAS) |
| Plaintiff, | |
| -against- | **ORDER TO SHOW CAUSE** |
| TRIO INDUSTRIES GROUP, INC. | |
| Defendant. | |

------------------------------------------------------------x

Upon the Complaint in this action, the Affirmation of Christopher P. Milazzo, dated August 14, 2007, together with the Exhibits annexed thereto, the proposed Order for Entry of Default Judgment, and all other papers and proceedings had herein,

IT IS ORDERED that Defendant Trio Industries Group, Inc. ("Defendant") appear and show cause before the Honorable Shira A. Scheindlin, at the Courthouse located at 500 Pearl Street, New York, New York, in Courtroom No. 15C on ___ day of _____ 2007 at ___ o'clock, and then and there show cause why a default judgment should not be issued pursuant to Rule 55 of the Federal Rules of Civil Procedure.

IT IS FURTHER ORDERED, that opposition papers, if any, to this application shall be personally served upon Sichenzia Ross Friedman Ference LLP, attorneys for Plaintiff, located at

- 2 -

61 Broadway, 32nd Floor, New York, New York 10018, on or before 12:00 noon seven (7) business days prior to return date of this application.

IT IS FURTHER ORDERED that service upon Defendant of this Order to Show Cause and all documents supporting the request for a default judgment in this action shall be made upon the Defendant via overnight mail at the last known addresses, Trio Industries Group, Inc., 6750 Hillcrest Plaza Drive, Suite 313, Dallas Texas 75230, the last known address of Defendant, and upon its registered agent for service of process, Legal Information Services, Inc., 2500 Weston Road, Suite 404, Weston, Florida 33331 on or before the __ day of _____ 2007 shall be deemed sufficient service.

Dated: New York, New York
      August 15, 2007

 

_____
HON. SHIRA A. SCHEINDLIN
UNITED STATES DISTRICT JUDGE

Sameer Rastogi, Esq. (SR-5249)
Christopher P. Milazzo, Esq. (CM-9974)
SICHENZIA ROSS FRIEDMAN FERENCE LLP
61 Broadway, 32nd Floor
New York, New York 10006
(212) 930-9700 (tel.)
(212) 930-9725 (fax)

Attorneys for Plaintiff
Charter Capital Resources, Inc.

UNITED STATES DIRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
                                                             :
CHARTER CAPITAL RESOURCES, INC.,                             :   Case No. 07-CV-3354
                                                             :
                                   Plaintiff,                :
                                                             :   **AFFIRMATION IN**
            -against-                                        :   **SUPPORT OF MOTION**
                                                             :   **FOR DEFAULT JUDGMENT**
TRIO INDUSTRIES GROUP, INC.                                  :
                                                             :
                                   Defendant.                :
                                                             :
------------------------------------------------------------x

CHRISTOPHER P. MILAZZO, affirms under penalty of perjury as follows:

1.   I am a member of the Bar of the State of New York, a member of the Bar of this Court, and I am an associate of Sichenzia Ross Friedman Ference LLP, attorneys for Plaintiff Charter Capital Resources, Inc. ("Plaintiff") in the above-captioned action. I make this Affirmation in support of Plaintiff's application, pursuant to Rule 55 of the Federal Rules of Civil Procedure, for a default judgment in this action.

2.   I am fully familiar with the facts set forth herein, except where stated upon information and belief, and as to those matters, I believe them to be true. The basis for my information is: interviews of client, review of Plaintiff's documents and a review of the file in this action.

**Nature of Claim**

3.     This is a simple action to enforce an unconditional promissory note, dated August 22, 2005 (the "Note"), executed by Defendant Trio Industries Group, Inc. ("Defendant" or "Trio") in favor of Plaintiff. Defendant has failed to pay any of the $100,000 in principal due under the Note. Defendant has also failed to pay the financing fee and late fees due pursuant to the terms of the Note in the form of money and stock of Defendant. Accordingly, Plaintiff seeks judgment for the outstanding principal, financing fee, late fees and a judgment directing Defendant issue shares of Defendant's common stock required to be issued to Plaintiff as late fees.

4.     Except as specified below, no part of the amount sought herein has been paid by Defendant.

5.     The Defendant is not an infant or incompetent person.

**Relevant Procedural History**

6.     This action was commenced by the filing of a Complaint on April 27, 2007. A true and correct copy of the Complaint is annexed hereto as Exhibit A.

7.     The Summons and Complaint were properly served in this action upon Defendant. As set forth in the Affidavit of Service, which was filed on July 6, 2007, Defendant was served on June 18, 2007 by personal service upon Defendant's registered agent. Defendant failed to answer or move with respect to the Complaint, and failed to otherwise appear in this action. A copy of the Affidavit of Service is annexed hereto as Exhibit B.

8.     As a result, Plaintiff applied to the Clerk of this Court, on August 8, 2007 for the issuance of a Certificate of Default. On August 8, 2007, the Clerk of this Court issued a Certificate of Default. The original Certificate of Default is annexed hereto as Exhibit C.

**Jurisdiction**

9.  This Court has subject matter over this action in that This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 is it is between citizens of different States and the amount in controversy exceeds $75,000, exclusive of costs and interest.

10. This Court has personal jurisdiction over Defendant pursuant to Section 15(D) of the Note, which provides, in pertinent part, as follows:

> The parties hereby consent to and irrevocably submit to the personal jurisdiction over each of them by the Courts of the State of New York in any action or proceeding . . .

11. Thus, Defendant consented to the jurisdiction in this Court.

**The Requested Judgment**

12. Pursuant to the Note, Plaintiff loaned Defendant $100,000 on August 22, 2005. Further pursuant to the terms of the Note, Defendant was required to pay a financing fee of $8,000, which increased an additional $2,000 penalty would be added to the financing fee if payment was not received within five days of the maturity date. The Note was due and payable on October 2, 2005. As a result of the failure of Defendant to pay the amounts due under the Note on October 2, 2005, the total amount of principal and financing fees due were $110,000.

13. Defendant paid the $2,000 penalty, but paid no part of the $108,000 due and owing Plaintiff in principal and financing fees pursuant to the Note. Accordingly, Plaintiff is entitled to judgment for the principal under the Note of $100,000 and an $8,000 financing fee, amounting in total to $108,000. (See Exhibit A to Complaint.)

14. Further pursuant to the terms of the Note, Defendant was obligated to pay a monetary late fee in the amount of $1,000 per day, commencing October 8, 2005, for each day

that the principal and late fees remain unpaid. Defendant, on October 18, 2005, paid $10,000 towards the late fees accruing under the Note.

15. Accordingly, Plaintiff is entitled to judgment for the late fees, which presently total $667,000 and continue to accrue in the amount of $1,000 per day. (See Exhibit A to Complaint § 2(C).)

16. Further pursuant to the terms of the Note, Defendant was obligated to pay a late fee in form of Defendant's common stock in the amount of 25,000 shares per day, commencing October 8, 2005, for each day that the principal and late fees remain unpaid. To date, Plaintiff is entitled to the issuance of 16,925,000 shares of Defendant's common stock, which continue to accrue at the rate of 25,000 shares per day. (See Exhibit A to Complaint § 2(C).)

17. Accordingly, Plaintiff is entitled to a Judgment directing Defendant to issue 16,925,000 (plus 25,000 shares per day to the entry of judgment) to Plaintiff.

18. Additionally, Plaintiff is entitled to attorneys fees pursuant to the Note. Through July 31, 2007, Plaintiff incurred approximately $9,578.80 in attorneys' fees and costs and has incurred an additional $1,200 in connection with this motion. Accordingly, Plaintiff requests a judgment in the amount of $10,778.80 in attorneys fees. (See Exhibit A to Complaint § 13.) True a correct copies of invoices from this firm representing attorneys' fees incurred by Plaintiff are annexed hereto as Exhibit D.

19. Plaintiff respectfully requests that the Court issue an Order in the same form as the Proposed Order for Default Judgment submitted with this application.

WHEREFORE, Plaintiff requests that this Court issue an Order granting Plaintiff's application for a default judgment as follows:

(a)   Granting Plaintiff's motion for a default judgment in its entirety;

(b)     Granting judgment in favor of Plaintiff and against Defendant, in the sum of $785,778.80;

(c)     Granting judgment directing Defendant to issue 16,925,000 (plus 25,000 shares per day to the entry of judgment) to Plaintiff; and

(d)     For such other and further relief as the Court deems just, equitable and proper.

Dated: New York, New York
August 14, 2007

                                                      Christopher P. Milazzo